UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| Kelly Josey,<br>individually and on behalf of all others similarly situated,<br>            Plaintiff,<br><br>-v.-<br><br>LB Gray, LLC d/b/a LB Gray, and Landman & Beatty, Lawyers, LLP,<br><br>            Defendant(s). | Case No: 3:22-cv-378<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kelly Josey ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants LB Gray, LLC d/b/a LB Gray ("LB Gray") and Landman & Beatty, Lawyers, LLP (" LBL" or "Landman") and, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Tennessee consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Tennessee, County of Sevier.

8. LB Gray, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. LB Gray, LLC has a service address at 9100 Keystone Crossing, Suite 870, Indianapolis, IN, 46240 - 7747.

10. Upon information and belief, LB Gray, LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

11. Landman is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Landman has a service address at 9100 Keystone Crossing, Suite 870, Indianapolis, IN, 46240 - 7747.

13. Upon information and belief, Landman is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts, and that regularly collects debts alleged to be due another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the States of Indiana or Tennessee;
    b. to whom Defendants sent a collection letter or obtained a judgment against the alleged debtor;
    c. attempting to collect a consumer debt;
    d. where the alleged debtor sent a police report with a dispute of the debt;
    e. alleging identity theft; and
    f. which letter was sent, or judgment obtained, on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to, and action with regard to, consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above paragraphs as if set forth here.

24. Defendants allege that Plaintiff incurred an obligation to non-party Canal Overlook ("Canal").

25. The alleged obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically an apartment.

26. The managing agent for Canal Overlook was Becovic Management.

27. The alleged Canal obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

28. Canal is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

29. However, Plaintiff is the victim of identity theft.

30. She never rented an apartment from Canal Overlook.

31. According to the documents described below, the debt was reduced to a judgment.

32. Judgment was entered by Defendant Landman.

33. Upon information and belief, the judgment was entered on June 13, 2022.

34. According to the letter described below, Canal placed the alleged debt with Defendant LB Gray for collection.

35. Defendants each collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em>Violations</em>

36. Defendant LB Gray sent Plaintiff a collection letter on or about July 21, 2022 regarding the alleged debt originally owed to Canal Overlook. The judgment and letter collectively referred to as "Letter"). See letter attached as Exhibit A.

37. In or before November 2021, Plaintiff noticed there were a number of inquiries appearing on her credit report that did not belong.

38. The accounts were utilities from an apartment.

39. Someone leased an apartment in Plaintiff's name.

40. In or about November 2021, Plaintiff contacted the leasing office to dispute the account, informing them that this was fraud.

41. The leasing office advised plaintiff to submit a police report which she sent them on November 29, 2021.

42. Plaintiff also was informed that the ID thief was evicted from the apartment.

43. Plaintiff was in touch with a Knoxville police detective, and personnel from the District Attorney's office about this crime.

44. Upon information and belief, the leasing office was also in contact with these law enforcement persons via email and telephone regarding the identity theft of the plaintiff.

45. Despite knowledge of this crime and dispute, and that Plaintiff was not responsible for this debt, the leasing office sued plaintiff for the balance owed resulting in a judgment.

46. The judgment entry was facilitated by Defendant Landman.

47. Plaintiff did not authorize anyone to lease an apartment.

48. This address is even in a different state.

49. The address was located in Seymore, Indiana ("Indiana Address").

50. It appears that this address was connected with the fraudulent Account.

51. Plaintiff did not enter into a transaction with the leasing company, or anyone, for the Account.

52. Plaintiff is a victim of identity theft.

53. Identity theft fraud occurs when someone uses another consumer's identification information to establish credit without authority.

54. The Letter is therefore harassing, false, deceptive, misleading, and unfair.

55. Defendants knew the information was inaccurate.

56. Plaintiff was not aware of the collection lawsuit.

57. Plaintiff was not aware of entry of judgment.

58. Upon information and belief, the documents related to the lawsuit and judgment were sent to the very same fraudulent apartment address.

59. This is the same apartment to which Plaintiff had no connection to other than through identity theft.

60. Plaintiff only became ware upon receipt of the July 21, 2022 collection letter.

61. Each Defendant was in possession of the documentation of the inaccuracy and fraud of the Account yet persisted in filing suit and collecting thereon anyway.

62. These actions by Defendants caused damage to Plaintiff.

63. Defendants' conduct prevented Plaintiff from acting in the ways she would have otherwise acted had Defendants' letter not been improper.

64. Because of Defendants' improper acts, Plaintiff expended time and money in determining the proper course of action.

65. She spent this trying to determine the source of the false debt.

66. She spent this trying to determine how to address this false debt.

67. She spent this trying to determine her options of handling this false debt.

68. She spent this trying to determine the repercussions of having this false debt improperly attributed to her.

69. She spent this trying to rectify the improper actions by Defendants.

70. During this time, and because of this, Plaintiff suffered emotional harm due to Defendants' improper acts.

71. Plaintiff suffered from fear, anxiety, stress, knowing this was a fraudulent collection.

72. Plaintiff suffered from fear, anxiety, and stress, as it appeared that someone was coming after her collecting on a false and improper debt.

73. Plaintiff suffered from fear, anxiety, and stress, as the Letter seemed to be collecting on an unenforceable debt.

74. Plaintiff suffered from fear, anxiety, and stress, as the Letter was harassing.

75. Plaintiff suffered from fear, anxiety, and stress, as she was aware the Defendants knew the debt was the product of a crime et persisted in prosecuting and attempting collection thereon.

76. Plaintiff disputes this debt in its entirety.

77. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

78. The harms caused by Defendant has a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

79. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

80. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects her to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

81. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

82. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

83. Defendant showed a reckless disregard for causing Plaintiff to suffer from emotional stress.

84. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

85. The fear of the victim need not be so great as to result in terror, panic, or hysteria. *Id.*

86. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

87. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

88. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

89. Defendants failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

90. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

91. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

92. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

93. Plaintiff also suffered an informational injury.

94. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

95. As described above, Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

96. As described above, Plaintiff would have pursued a different course of action were it not for Defendants' violations.

97. Despite this factual history, Defendants refused to remove the debt from Plaintiff's responsibility.

98.

99. Plaintiff needed to take off from work on multiple occasions and miss multiple days in order to deal with Defendants improper debt collection.

100. Plaintiff suffered from extreme emotional distress due to Defendants' actions.

101. Plaintiff needed to see a mental health therapist in order to manage the impacts of Defendants' actions.

102. Plaintiff suffered from nightmares due to Defendants' actions.

103. Plaintiff dealt with other issues resulting from the identity thief's actions but none of the other debtors gave even nearly as much problems to Plaintiff as did Defendants here.

104. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

105. Plaintiff repeats the above allegations as if set forth here.

106. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

107. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

108. Defendant violated said section as described above, in violation of §§ 1692e, 1692e (10), 1692e (2), 1692e (4), 1692e (5), and 1692e (9).

109. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

110. Plaintiff repeats the above allegations as if set forth here.

111. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

112. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

113. Defendant violated this section in violation of §§ 1692f and 1692f (1), as described above.

114. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq*

115. Plaintiff repeats the above allegations as if set forth here.

116. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

117. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

118. Defendant violated this section by failing to provide the correct amount of the debt and the timeline for disputing the debt and for requesting the name of the creditor, as described above.

119. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

120. Plaintiff repeats the above allegations as if set forth here.

121. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

122. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

123. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

124. Defendant violated said section, as described above, in violation of § 1692d and 1692d (1).

125. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

126. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 25, 2022                                  Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*